IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORDERRIUS TERRELLE HUNT,
      Petitioner,

vs.                                                                   Case No.:  3:12cv265/MCR/EMT

UNITED STATES OF AMERICA,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 3).  The filing fee has been paid.

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of the issue raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed for lack of jurisdiction based upon Petitioner's failure to exhaust administrative remedies prior filing to seeking federal habeas relief.

I.      BACKGROUND

      Petitioner alleges, and the docket of this court demonstrates, he was convicted in the Northern District of Florida, Case No. 3:10cr53/MCR, of one count of possession of a firearm by a convicted felon and sentenced to one hundred twenty (120) months of incarceration (*see* doc. 3

at 1, 2).[1]  *See* U.S. v. Hunt, Case No. 3:10cr53/MCR, Doc. 40, Judgment (N.D. Fla. Oct. 7, 2010).

Petitioner states he was also convicted and sentenced on related state charges (*see* docs. 1, 3).

Petitioner is currently housed in a state correctional institution (*see id.*).  In this habeas action,

Petitioner seeks credit on his federal sentence for time spent in state custody, pursuant to 18 U.S.C.

§ 3585(b) (doc. 3 at 6–8).  He requests that this court issue an order directing the federal Bureau of

Prisons ("BOP") to "review [his] file to determine whether credit for time served in state prison will

be awarded toward federal sentence" (*id.* at 8).

II.    ANALYSIS

It is well established that prisoners must exhaust administrative remedies before habeas relief

may be granted, including relief pursuant to § 2241.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th

Cir. 2004); U.S. v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time

served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

Exhaustion of administrative remedies is jurisdictional.  *See* U.S. v. Williams, 425 F.3d 987, 990

(11th Cir. 2005) (dismissing claim for sentence credit under § 3585(b) for lack of jurisdiction,

because prisoner failed to exhaust administrative remedies) (citing Gonzalez v. U.S., 959 F.2d 211,

212 (11th Cir. 1992) (requirement that prisoners exhaust administrative procedures prior to seeking

relief in district court is jurisdictional)); U.S. v. Mitchell, 845 F.2d 951, 952–53 (11th Cir. 1988)

(district court does not have jurisdiction to entertain petition seeking sentence credit until defendant

has exhausted his administrative remedies; after final administrative decision, a dissatisfied prisoner

may seek review of that decision) (citation omitted).

The BOP provides a four-level administrative grievance procedure for prisoner complaints.

28 C.F.R. § 542.10–542.15; United States Dep't of Justice, Federal Bureau of Prisons, Program

Statement No. P1330.16.  Initially, prisoners must seek resolution of issues through informal

grievances.  28 C.F.R. § 542.13(a); BOP Program Statement P1330.16, pp. 4–5.  If unsuccessful,

an inmate may then file a formal written complaint with the warden of his institution on the BP-9

form.  28 C.F.R. §§ 542.13(a), 542.14; BOP Program Statement P1330.16, pp. 5–6.  An inmate who

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

is not satisfied with the warden's response may appeal to the Regional Director on the BP-10 form. 28 C.F.R. § 542.15; BOP Program Statement P1330.16, pp. 7–8.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP by submitting an appeal on a BP-11 form.  *Id.*

In the instant case, Petitioner states on the petition form that he did not seek an administrative remedy with the BOP prior to filing this federal habeas action (doc. 3 at 2, 7). Indeed, he likely may not be able to seek an administrative remedy until his federal sentence commences, that is, "the date he is received in custody awaiting transportation to . . . the official detention facility at which the federal sentence is to be served."[2]  18 U.S.C. § 3585(a).  However, until he has exhausted his BOP remedies, he may not seek relief from this court.  *See, e.g.*, Johnson v. Wise, No. 10-0123-WS-C, 2010 WL 3306920, at *4 & n.7 (S.D. Ala. July 13, 2010) (state prisoner's § 2241 petition seeking credit on federal sentence for time spent in state custody was premature, because prisoner's federal sentence had not commenced and he thus could not establish he had exhausted administrative remedies or that exhaustion would be futile, since his ability to exhaust those remedies had not yet accrued), *Report and Recommendation Adopted by* 2010 WL 3306931 (S.D. Ala. Aug. 19, 2010); Musgray v. Hancock, No. 4:06cv372/RH/WCS, 2007 WL 2986126 (N.D. Fla. Oct. 7, 2007) (dismissing § 2241 petition seeking sentence credit under § 3585(b), filed by federal inmate housed in state correctional institution, for lack of jurisdiction due to petitioner's failure to exhaust administrative remedies).  Therefore, his § 2241 petition should be dismissed for lack of jurisdiction.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant,"

---

[2] Petitioner may be able to request a *nunc pro tunc* designation to a state facility for service of his federal sentence by submitting a request to the following:
Jose A. Santana
Designation and Computation Center
Grand Prairie Office Complex
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX  75051
This suggestion does not constitute a determination that the BOP must consider or grant such a request.

and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That this habeas action be **DISMISSED** for lack of jurisdiction.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida this 29<u>th</u> day of June 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**